IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| MARSHALL WELLS, | § § | |
| V. | § § | CIVIL ACTION NO. G-05-558 |
| JACKIE EDWARDS, ET AL. | § § § | |

**REPORT AND RECOMMENDATION**

Plaintiff Marshall Wells, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983, and has paid the full filing fee. The particularity with which Plaintiff has pleaded his claim makes it unnecessary, in this Court's opinion, to afford Plaintiff the customary opportunity to replead. A complaint which alleges sufficient facts to support its conclusions and maintain a cause of action, when viewed under the individual circumstances of the complaint, is adequate in demonstrating that a Plaintiff has pleaded his best case. *Jacquez v. Procunier*, 801 F.2d 789, 792-93, (5th Cir. 1986). Having thoroughly reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Court.

28 U.S.C. § 1915A of the Prison Litigation Reform Act of 1996 directs the Court to conduct an initial review of a civil action by a prisoner seeking relief from a governmental entity or employee, in order to identify cognizable claims or dismiss the complaint if satisfied that it is frivolous or malicious. 28 U.S.C. 1915A(b)(1). This requirement applies to **all** prisoner litigants, whether they are proceeding *in forma pauperis*, or not. A claim may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may, if feasible, be made prior to

docketing; therefore, such claims are dismissible *sua sponte* prior to service even though Plaintiff pays the appropriate fee, under Section 1915A.

Plaintiff complains that some of his grievances filed in 1998 and 1999, which pertained to writs of mandamus against Warden Edwards, were "intentionally and knowingly" denied by Defendants, without any evidence. The denial allegedly affected, *inter alia,* Plaintiff's right to access of courts. Plaintiff seeks monetary damages.

Plaintiff's claims are barred by the statute of limitations applicable to Section 1983 claims. The Supreme Court in *Owens v. Okure* held that where state law provides multiple statutes of limitations for injury actions of a personal nature, Courts considering Section 1983 claims should borrow the general or residual statute. 488 U.S. 235, 250. In Texas, the applicable period is two years. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a)(West 1979). Federal law governs when the cause of action arises. Under federal law, a cause of action arises "when the Plaintiff knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 264 (5th Cir. 1992). In this case, Plaintiff's cause of action arose on the date that he received his Step Two grievance responses, which would have been some time in 1999. Plaintiff's claims therefore exceed the allowable two-year time period for filing such cases by almost four years. As such, his claims are precluded from federal relief.

For the aforementioned reasons, it is the **RECOMMENDATION** of this Court **that all claims be DISMISSED with prejudice as time-barred.**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff by the means in place for transmission of same. The Plaintiff shall have until **November 18, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office in Galveston, Texas 77553 at P.O. Drawer 2300. Any Objections filed shall

2

be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

     **DONE** at Galveston, Texas, this the ___31st___ day of October, 2005.

                                                        John R. Froeschner
                                                       United States Magistrate Judge